## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

**Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

### MOTION INFORMATION STATEMENT

**Docket Number(s):** No. 22-2616 _____

Caption [use short title] _____

**Motion for:** Leave to File Reply in Further Support of

Petition for Permission to Appeal Pursuant to

Federal Rule of Civil Procedure 23(f)

Set forth below precise, complete statement of relief sought:

Leave to file a reply brief in support of

Movant's petition for permission to appeal

Baker, et al. v. E.I. DuPont de Nemours and Co.

_____

_____

_____

_____

**MOVING PARTY:** E.I. DuPont de Nemours and Co.           **OPPOSING PARTY:** Plaintiffs Michele Baker, et al.

☐ Plaintiff     ☑ Defendant

☑ Appellant/Petitioner     ☐ Appellee/Respondent

**MOVING ATTORNEY:** Scott A. Chesin           **OPPOSING ATTORNEY:** James J. Bilsborrow

[name of attorney, with firm, address, phone number and e-mail]

Shook, Hardy & Bacon L.L.P.                     Weitz & Luxenberg, P.C.

1325 Avenue of the Americas, New York, N.Y.  10019           700 Broadway, New York, N.Y.  10003

(212) 779-6106, schesin@shb.com                 (212) 558-5500, jbilsborrow@weitzlux.com

Court- Judge/ Agency appealed from: Hon. Lawrence E. Kahn, U.S. District Court, Northern District of New York

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain): _____

Opposing counsel's position on motion:
☐ Unopposed ☑ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes   ☐ No   ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?   ☐ Yes ☐ No
Has this relief been previously sought in this court?   ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

_____
_____
_____
_____

Is oral argument on motion requested?   ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes ☑ No If yes, enter date: _____

**Signature of Moving Attorney:**

/s/ Scott A. Chesin _____ **Date:** 10/31/2022 _____ Service by: ☑ CM/ECF   ☐ Other [Attach proof of service]

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

Michele Baker, et al.,

    *Plaintiffs-Respondents*,

v.

E.I. DuPont de Nemours and
Company,

    *Defendant-Petitioner.*

No. 22–2616

### DEFENDANT E.I. DUPONT DE NEMOURS AND COMPANY'S MOTION FOR LEAVE TO FILE REPLY IN FURTHER SUPPORT OF ITS PETITION FOR PERMISSION TO APPEAL PURSUANT TO <u>FEDERAL RULE OF CIVIL PROCEDURE 23(f)</u>

Pursuant to Federal Rule of Appellate Procedure 27, Defendant-Petitioner E.I. DuPont de Nemours and Company ("DuPont") respectfully requests leave to file the attached reply brief in further support of its Petition for Permission to Appeal Pursuant to Federal Rule of Civil Procedure 23(f). DuPont has notified Plaintiffs-Respondents of the relief sought by this motion. Respondents do not consent to this motion, but they have indicated that they do not yet know whether they will file an opposition.

The Federal Rules of Appellate Procedure do not specifically address filing reply briefs in support of Rule 23(f) petitions.  However, the Rules typically provide parties seeking relief with an opportunity to reply to any opposition to the relief being sought.  *See, e.g.*, Fed. R. App. P. 27(a)(4) (permitting reply to response to a motion); Fed. R. App. P. 28(c) (permitting reply to appellee's brief).  And this Court routinely accepts replies in support of Rule 23(f) petitions, including where the filing of a reply was opposed.  *See, e.g.*, *Goldman Sachs 401(k) Plan Ret. Comm. v. Falberg*, No. 22–404, Dkt. No. 54 (2d Cir. June 29, 2022); *Colgate-Palmolive Co. v. de Lacour*, No. 21–1234, Dkt. No. 56 (2d Cir. Sept. 16, 2021); *Chery v. Conduent Educ. Servs., LLC*, No. 21–1312, Dkt. No. 45 (2d Cir. July 26, 2021); *Blackberry Ltd. v. Pearlstein*, No. 21–243, Dkt. No. 80 (2d Cir. June 23, 2021); *Teva Pharm. Indus. v. Ont. Teachers' Pension Plan Bd.*, No. 21–661, Dkt. No. 35 (June 22, 2021); *Lerman v. Apple, Inc.*, No. 20–3627, Dkt. No. 60 (2d Cir. Feb. 19, 2021); *In re Chi. Bridge & Iron*, No. 20–1162, Dkt. No. 68 (2d Cir. Aug. 11, 2020); *In re Grupo Televisa Sec. Litig.*, No. 20–2210, Dkt. No. 64 (2d Cir. Oct. 6, 2020); *In re Signet Jewelers Ltd.*, No. 19–2268, Dkt. No. 80 (2d Cir. Nov. 19, 2019); *Famular v. Whirlpool Corp.*, No. 19–838, Dkt. No. 37 (2d Cir. Aug.

6, 2019); *In re Deutsche Bank AG,* No. 18–3036, Dkt. No. 40 (2d Cir. Feb. 20, 2019).

DuPont's Reply responds solely to issues raised in Plaintiffs' Opposition, and is intended to aid the Court's decision-making by addressing the legal arguments and references to the record contained in the Opposition. DuPont respectfully requests that the Court grant this motion and consider the attached Reply in deciding DuPont's Rule 23(f) Petition.

Respectfully submitted,

*/s/ Scott A. Chesin*
Scott A. Chesin
Elliott M. Davis
SHOOK, HARDY & BACON L.L.P.
1325 Avenue of the Americas
New York, N.Y. 10019
(212) 989-8844
schesin@shb.com

*Counsel for Petitioner E.I. DuPont de Nemours and Company*

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 397 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f).

Dated:  October 31, 2022          */s/ Scott A. Chesin*
                                   Scott A. Chesin

# CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October, 2022, I caused the foregoing Motion for Leave to File Reply in Further Support of Its Petition for Permission to Appeal Pursuant to Federal Rule of Civil Procedure 23(f), and accompanying Motion Information Statement and proposed reply brief to be filed using the Court's CM/ECF system, which served copies of those documents on Plaintiffs.

*/s/ Scott A. Chesin*
Scott A. Chesin

**ATTACHMENT:  Defendant E.I. DuPont de Nemours and Company's Proposed Reply in Support of Petition for Permission to Appeal Pursuant to Federal Rule of Civil Procedure 23(f)**

**Pursuant to Federal Rule of Appellate Procedure 27(a)(2)(B)**

# 22-2616

## United States Court of Appeals
## for the Second Circuit

---

MICHELE BAKER; CHARLES CARR; ANGELA CORBETT; DALE FORD; PAMELA FORREST; MICHAEL HICKEY, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF O.H., INFANT; KATHLEEN MAIN-LINGENER; KRISTEN MILLER, AS PARENT AND GUARDIAN OF K.M., INFANT; JENNIFER PLOUFFE; SILVIA POTTER, INDIVIDUALLY, AND AS PARENT AND NATURAL GUARDIAN OF C.P., INFANT, AND DANIEL SHUTTIG,

*Plaintiffs-Respondents*

v.

E.I. DUPONT DE NEMOURS AND COMPANY,

*Defendant-Petitioner*

AND

SAINT-GOBAIN PERFORMANCE PLASTICS CORP., ET AL.,

*Defendants.*

---

From an Order Granting Class Certification Entered on September 30, 2022, by the
United States District Court for the Northern District of New York
District Court Case No. 1:16–cv–00917–LEK–DJS
The Honorable Lawrence E. Kahn

---

## **DEFENDANT E.I. DUPONT DE NEMOURS AND COMPANY'S REPLY IN FURTHER SUPPORT OF PETITION FOR PERMISSION TO APPEAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(f)**

---

Scott A. Chesin
Elliott M. Davis
SHOOK, HARDY & BACON L.L.P.
1325 Avenue of the Americas
New York, N.Y. 10019
(212) 989-8844
schesin@shb.com

*Counsel for Defendant E.I. DuPont de Nemours and Company*

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

INTRODUCTION.........................................................................................1

ARGUMENT ..............................................................................................2

CONCLUSION ...........................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Bah v. Nordson Corp.*,
No. 00–cv–9060–DAB, 2005 WL 1813023
(S.D.N.Y. Aug. 1, 2005) ........................................................................ 6

*Castano v. American Tobacco Co.*,
84 F.3d 734 (5th Cir. 1996) .............................................................. 5, 6

*LaPaglia v. Sears Roebuck & Co.*,
143 A.D.2d 173 (N.Y. App. Div. 1988) ........................................... 6, 7

*Matter of Eighth Judicial District Asbestos Litigation*,
33 N.Y.3d 488 (2019) ............................................................................ 6

*McLaughlin v. Mine Safety Appliances Co.*,
11 N.Y.2d 62 (1962) ............................................................................. 7

*In re New Motor Vehicles Canadian Export Antitrust Litigation*,
522 F.3d 6, 26 (1st Cir. 2008) .............................................................. 3

*In re New York City Asbestos Litigation*,
27 N.Y.3d 765 (2016) ........................................................................... 6

*Sawyer v. Dreis & Krump Manufacturing Co.*,
112 A.D.2d 751 (N.Y. App. Div. 4th Dep't 1985) ............................ 7, 8

*Sawyer v. Dreis & Krump Manufacturing Co.*,
67 N.Y.2d 328 (1986) ........................................................................... 8

*In re Sumitomo Copper Litigation*,
262 F.3d 134 (2d Cir. 2001) ............................................................. 2, 4

RULES

Federal Rule of Civil Procedure 23(f) ................................................. 2, 4

## INTRODUCTION

To their credit, Plaintiffs barely defend the district court's class-certification order. And it's no surprise why. Plaintiffs do not—and cannot—dispute that the order flat-out ignored nearly all of the voluminous evidence the parties submitted, instead largely relying on the Plaintiffs' allegations to support its holding. *See* Pet. at 11–12. But repeating Plaintiffs' allegations hardly qualifies as analysis, let alone the "rigorous analysis" of "evidentiary proof" that this Court requires. *See* Pet. at 3, 12, 14, 21.[1] And that lack of rigor is only underscored by the district court's other obvious missteps: certifying a class that didn't apply to DuPont, misstating Plaintiffs' arguments, and forgetting about other

---

[1] Impliedly acknowledging that the order violates this Court's class-certification standards, Plaintiffs implore the Court to look at the district court's decision denying Defendants' *Daubert* motions—a decision that issued sixteen months earlier. Opp. at 8. But the fact that the district court declined to exclude six of Plaintiffs' putative experts in its *Daubert* gatekeeping capacity (*see* Dkt.265) says nothing about whether it considered their opinions in its class-certification order. If anything, the *Daubert* opinion only further proves our point. The class-certification opinion discusses only a single expert proffered by any party—Plaintiffs' putative real-estate expert. Five of the six "experts" discussed in the *Daubert* opinion (and 23 of the 24 experts proffered by the parties) were completely ignored in the class-certification opinion. And that's why Plaintiffs are forced to put words in the district court's mouth (*see*, *e.g.*, Opp. at 9 (arguing that DuPont's experts offered only "flimsy criticism")): the district court never considered DuPont's evidence *at all*.

remote-supplier cases on its own docket. *See* Pet. at 11–13. Plaintiffs do not dispute any of those errors. *See*, *e.g.*, Opp. at 18 (acknowledging the existence of "individual lawsuits" that "alleg[e] substantially similar manufacturer failure to warn claims against DuPont"). If there ever were a class-certification order that checks the "inevitabl[e] revers[al]" box (*In re Sumitomo Copper Litig.*, 262 F.3d 134, 139 (2d Cir. 2001)), this is it.[2]

Unable to defend the district court's order on its merits, Plaintiffs lean hard into the Rule 23(f) standard. Opp. at 12–13. It is of course true "that the standards of Rule 23(f) will rarely be met." *Sumitomo Copper Litig.*, 262 F.3d at 140. But it is just as rare for a court to develop a novel theory of liability and then seek to apply it for the very first time on a class-wide basis. Interlocutory review is warranted here.

## ARGUMENT

Our petition made three simple arguments: (1) Plaintiffs' theory of liability is novel; (2) district courts should not certify class actions based on novel legal theories—a proposition on which there is no Second Circuit precedent and on which other Circuits have split; and (3) this issue is

---

[2]    Unless expressly included, all citations and internal quotation and alteration marks have been omitted.

likely to escape effective review if not considered now. Plaintiffs give a misleading response to the first argument, and they barely contest the second and third.

To begin with what's undisputed: there does not appear to be a disagreement between the parties that the Fifth and Eleventh Circuits have split on the question whether actions premised on novel tort theories may proceed on a class-wide basis. *See* Pet. 19–20; *see also In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 522 F.3d 6, 26 (1st Cir. 2008) ("[W]hen a Rule 23 requirement relies on a novel or complex theory as to injury . . . the district court must engage in a searching inquiry into the viability of that theory and the existence of the facts necessary for the theory to succeed."). Plaintiffs argue (Opp. at 20) that DuPont "identifie[d] only one federal appellate decision ever holding that class certification was unwarranted due to" the immature-tort doctrine. But by the same token, Plaintiffs identify only one federal appellate decision holding to the contrary—the Eleventh Circuit opinion we discussed in our Petition. *See* Pet. at 20. And that's our point. This paucity of appellate precedent—and the clear-cut split between the two Circuits that have squarely addressed the question—weighs strongly in

favor of Rule 23(f) review: such review "would contribute to the development of the law of class actions." *Sumitomo Copper Litig.*, 262 F.3d at 138.

Nor do Plaintiffs seriously dispute that this issue is likely to escape effective review if not considered now. Plaintiffs argue that we "ignore[] the reality of the coordinated proceedings below," which included "two years of discovery" and the production of "thousands of documents and more than a dozen percipient and Rule 30(b)(6) witnesses." Opp. at 18. *We* didn't ignore this reality; the district court did—by disregarding all that hard work and issuing an opinion based almost exclusively on Plaintiffs' allegations, rather than the evidence developed during those years of discovery. But Plaintiffs miss the point. It took the district court over nineteen months to issue its class-certification decision. Pet. at 10. Pretrial motions practice, trial itself, and post-trial proceedings will surely take even longer, particularly since the parties and the court will be working through the myriad issues presented when one attempts to try a novel, untested set of claims on a class-wide basis. By the time this action makes its way to final judgment—if it does—all those judicial and

party resources will have been forever lost and will not be recoverable after appeal. That's the very definition of ineffective review.

This brings us to the meat of Plaintiffs' opposition: their assertion that their claims against DuPont are not "novel," but are instead based on well-established failure-to-warn theories. They're not. As we explained (Pet. at 6), plaintiffs who bring failure-to-warn claims traditionally argue that the defendant failed to adequately warn *them*. Plaintiffs in this case, on the other hand, fault DuPont for allegedly failing to adequately warn *its sophisticated third-party customers*. So although Plaintiffs pitch their "failure to warn theories" as "hav[ing] been utilized in thousands of cases in New York for more than fifty years" (Opp. at 14), they do not actually identify a *single* case where a district court has ever tried a failure-to-warn claim like theirs. So their claims are much like the novel claims in *Castano*, in that they are—as Plaintiffs put it—"based upon an alleged theory of injury that 'no court in this country has ever tried.'" Opp. at 14 (quoting *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 749 (5th Cir. 1996)).[3]

---

[3]     In fact, the claims in *Castano* were *also* premised on an alleged failure to warn. *See* 84 F.3d at 737 ("The gravamen of [the] complaint is

Specifically:  Plaintiffs cite four appellate decisions to support their assertion that "thousands" of New York cases have gone to trial on "third party" theories similar to the district court's theory here.  Not one of those cases was remotely like this one.  Two (*Matter of Eighth Judicial District Asbestos Litigation*, 33 N.Y.3d 488 (2019), and *In re N.Y.C. Asbestos Litigation*, 27 N.Y.3d 765 (2016), cited in Opp. at 15–16) were asbestos cases involving allegations that the manufacturer-defendants failed to warn *actual users* of their products about latent dangers.  It is true that those two decisions discuss duties owed to "third persons" injured by a manufacturer's product.  But the duty at issue in those cases was a duty to warn *the injured users of the product*—even if those users were not the original purchasers.  That is very different from this case, in which Plaintiffs claim that DuPont owed *them* a duty to warn *someone else* about the hazards of a product Plaintiffs themselves never used.

Cases like *that* are few and far between.  As we explained in the Petition, the district court managed to identify only two:  *LaPaglia* (the lawnmower case) and *Bah* (the glue-dispenser case).  Tellingly, Plaintiffs

---

the novel and wholly untested theory that the defendants fraudulently failed to inform consumers that nicotine is addictive . . . .").

do not even mention those cases in their Opposition (except to note in an embedded citation in their "Background" section that the district court had cited *LaPaglia*). Instead, they point to *McLaughlin v. Mine Safety Appliances Co.*, 11 N.Y.2d 62 (1962) (Opp. at 15) and *Sawyer v. Dreis & Krump Mfg. Co.*, 112 A.D.2d 751 (N.Y. App. Div. 4th Dep't 1985) (Opp. at 16). Neither case helps them.

*McLaughlin* did indeed involve an allegation that a manufacturer of a medical device ("heat bricks" used to warm hypothermia patients) had failed to provide adequate instructions to its users, leading to the injury of a third party. But the Court of Appeals ultimately reversed the judgment and remanded for a new trial, holding that "the true problem presented in this case is one of proximate causation, and not one concerning the general duty to warn or negligence of the distributor." 11 N.Y.2d at 69.

And Plaintiffs' citation to *Sawyer* actually undercuts their argument. It is true that the perfunctory Appellate Division opinion they cite contained a single sentence suggesting that a failure to warn a third party can support a tort verdict. *See Sawyer*, 112 A.D.2d at 752 ("The jury could properly find that the manufacturer's failure to warn *the*

*purchaser, i.e., plaintiff's employer* . . . could render defendant liable in strict products liability." (emphasis added)). But Plaintiffs neglect to mention that *Sawyer* was reversed (albeit on other grounds) by the Court of Appeals. *Sawyer v. Dreis & Krump Mfg. Co.*, 67 N.Y.2d 328 (1986). And in reversing the Appellate Division, the Court of Appeals clarified that "it was plaintiff's burden [at trial] to establish that the negligent failure of defendant to warn *him* of the dangers in using the machine caused his injury." *Id.* at 331 (emphasis added).

So we are left where we started originally: of the "thousands" of failure-to-warn cases tried year-in and year-out in New York over decades, neither the trial court nor Plaintiffs have been able to unearth a single one involving a tort theory like the one asserted in this case. Scouring old casebooks turns up one opinion from the 1960s about a "heat brick" (resolved on proximate-causation grounds), one from the 1970s about a lawnmower (containing no discussion about whether the legal theory is valid),p and one pretrial order from 2005 about a glue dispenser (in a case that settled before trial). None involved allegations of environmental contamination, intermediate sales to sophisticated customers, or injuries directly caused by third parties. If a case like that

is going to be tried for the very first time, it should not be in a proceeding involving hundreds or thousands of differently situated plaintiffs under circumstances where appellate review following a final judgment may never end up happening—especially when it's undisputed by the parties that individual remote-supplier claims remain pending before the district court. *Compare* Pet. at 12–13 *with* Opp. at 18.

## CONCLUSION

For the reasons set forth above and in DuPont's Petition, the Court should grant the Petition and permit an immediate appeal.

Respectfully submitted,

*/s/ Scott A. Chesin*
Scott A. Chesin
Elliott M. Davis
SHOOK, HARDY & BACON L.L.P.
1325 Avenue of the Americas
New York, N.Y. 10019
(212) 989-8844
schesin@shb.com

*Counsel for Petitioner E.I. DuPont de Nemours and Company*

-9-